IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

OCT 10 2025

FILED

SAMUEL COOPER,

    Plaintiff,

    v.                                              CV 125-151

CINDY MASON, in her official
capacity as Clerk of the
Superior Court of Columbia
County,

    Defendant.

# O R D E R

Before the Court is Plaintiff's motion for preliminary injunction (Doc. 2) and Defendant's motion to dismiss (Doc. 8). For the following reasons, Plaintiff's motion is **DENIED**, Defendant's motion is **GRANTED**, and this action is **DISMISSED**.

## I. BACKGROUND

On July 1, 2025, Plaintiff initiated this action under 42 U.S.C. § 1983 against Defendant in her official capacity as Clerk of the Superior Court of Columbia County, Georgia. (Doc. 1.) Plaintiff asserts Defendant violated his Fourteenth Amendment right to due process when she followed a state court order filed during an ongoing interpleader action (the "Superior Court Order"). (Id. at 3-4.) The Superior Court Order required the

Clerk to deposit foreclosure sale proceeds (the "Proceeds") into the court registry while the interpleader action is ongoing. (Doc. 8, at 2.) Plaintiff's complaint alludes to real property and funds in the amount of $213,000 and alleges his constitutional rights were violated when the funds he was solely entitled to, and his property interest therein, were taken without due process. (Doc. 1, at 3-5.) While Plaintiff's complaint refers to an enclosure to elaborate on this point, no attachment was filed with the complaint. (Id.)

Plaintiff also filed a motion for preliminary injunction the same day he initiated this action. (Doc. 2.) Plaintiff asks the Court to enjoin enforcement of the Superior Court Order dated June 24, 2025, which directed transfer of the Proceeds into the court's registry. (Id. at 1.) The Superior Court Order adheres with the procedural requirements of an interpleader action brought by the law firm holding the Proceeds, McCalla Raymer Leibert Pierce LLC ("McCalla"), as it was unclear to the firm who was entitled to the funds. (Doc. 8, at 7-8). Plaintiff contends the Superior Court Order was entered without first resolving his pending motion to dismiss or otherwise determining his entitlement to the Proceeds, thereby depriving him of his property and due process rights. (Doc. 2, at 1-2.) Plaintiff further alleges that Defendant intends to comply with the Superior Court Order immediately. (Id. at 2.) He asks the Court to issue a preliminary injunction enjoining

2

enforcement of the Superior Court's June 24, 2025 Order. (Id. at 1.)

Defendant filed a motion to dismiss the complaint and an objection to Plaintiff's motion for preliminary injunction (by special appearance). (Doc. 8.) Defendant moves to dismiss for: (1) failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) on Plaintiff's 42 U.S.C. § 1983 claim; (2) failure to state a claim against an inappropriate defendant; (3) the Younger doctrine of abstention; and (4) potential improper service of process under Federal Rules 12(b)(4) and 12(b)(5). (Id. at 5-10.) Defendant also objects to Plaintiff's motion for preliminary judgment for failing to meet his burden on the four elements required for relief and the Younger doctrine. (Id. at 10-13.)

## II. LEGAL STANDARD

The Court outlines the applicable legal standard for each of the pending motions.

## A. Federal Rule of Civil Procedure 12(b)(6) and Failure to State a Claim

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and

3

plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). The Court need not accept the pleading's legal conclusions as true, only its well-pleaded facts. Id. at 679. Furthermore, "the court may dismiss a complaint pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. Of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Exec. 100, Inc. v. Martin Cnty., 922 F.2d 1536, 1539 (11th Cir. 1991)). Allegations in a complaint must be taken as true and "read . . . in the light most favorable to the plaintiffs." Duke

4

v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993) (citation omitted).

## B. Younger Doctrine

Under the Younger v. Harris, 401 U.S. 37 (1971) doctrine and its resulting case law, district courts must "refrain from enjoining pending state court proceedings except under special circumstances." Old Republic Union Ins. v. Tillis Trucking Co., 124 F.3d 1258, 1261 (11th Cir. 1997) (citation omitted). While Younger dealt exclusively with state criminal proceedings, the principles of the doctrine have been "extended to prohibit federal courts from enjoining state court civil proceedings where important state interests are involved." Id. Federal courts have specifically refrained from interfering with pending "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 368 (1989) (citations omitted).

Therefore, Younger abstention is appropriate if: "(1) there is an 'ongoing state judicial proceeding'; (2) the state proceeding 'implicate[s] important state interests'; and (3) there is 'an adequate opportunity in the state proceeding[] to raise constitutional challenges.'" New Ga. Project, Inc. v. Att'y Gen. of Ga., 106 F.4th 1237, 1242 (11th Cir. 2024) (quoting Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

## C. Preliminary Injunction

Preliminary injunctions are extraordinary remedies that are not granted unless the movant unequivocally establishes four required elements. See Redford v. Gwinnett Jud. Cir., 350 F. App'x 341, 345 (11th Cir. 2009)); see also United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983) ("The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites." (citation omitted)).  "The grant or denial of a preliminary injunction is a matter within the discretion of the district court."  Jefferson Cnty., 720 F.2d at 1519 (citation omitted).  Granting a preliminary injunction is only proper if the moving party establishes the following four elements:

> (1) a substantial likelihood of success on the merits;
> (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

Schmitt v. Reimer, No. 1:10-cv-102, 2010 WL 3585187, at *1 (S.D. Ga. Sept. 14, 2010) (quoting Schiavo v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005)).

### III. DISCUSSION

The Court considers each motion in turn.

6

**A. Motion to Dismiss**

Plaintiff contends the Superior Court Order infringed his constitutional right to due process under 42 U.S.C. § 1983 but fails to show how. (Doc. 1, at 3-4.) He alleges the Superior Court Order allowed the state to take away his property rights without due process, however, the purpose of the interpleader action filed by McCalla is to identify the rightful owner(s) of said Proceeds. (Doc. 2, at 3; Doc. 8, at 1-2). While Plaintiff alleges he is the sole owner and only one entitled to the Proceeds, he provides no proof of those contentions. (Doc. 1, at 4.)

Plaintiff has failed to state a claim upon which relief can be granted. Generally, when considering a motion to dismiss pursuant to Rule 12(b)(6), the district court is restrained to consider the allegations within the four corners of the complaint. See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010). Examining only the content within the four corners of the complaint, Plaintiff does not provide any facts or reasoning to support his allegations of harm. (Doc. 1.) He states he "is the sole owner of Real property at issue" and references an enclosure that is absent from his filing. (Id. at 4.) He provides no other documentation or support for this claim and otherwise fails to demonstrate infringement of his constitutional right to due process. (Id.) Given the allegations, it is unknown who is

entitled to the Proceeds, Plaintiff failed to demonstrate he has a right to them, and there is no allegation of a true constitutional violation.    Instead, Plaintiff merely made "an unadorned, the-defendant-unlawfully-harmed-me accusation" that does not satisfy Federal Rule of Civil Procedure 8.    Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

McCalla filed the interpleader petition so the Superior Court could determine who should receive what, if any, portion of the Proceeds.    (Doc. 8, at 6.)    The Superior Court allowed the case to proceed, following the required steps to place the disputed funds into the court registry while the action commenced.    (Id. at 7.) This well-established procedure[1] of depositing the disputed Proceeds into the court registry is not a violation of Plaintiff's constitutional rights for two main reasons.

First, the Superior Court is lawfully adhering to interpleader procedure so that due process is afforded to any potential claimants to the Proceeds.    This action does not deprive Plaintiff of any rightfully owned property, as it is a dispute for the Superior Court to determine who is truly entitled to the Proceeds amongst several claimants.    Claimants can demonstrate

---

[1] See, e.g., Sanders v. Progressive Life Ins., 94 S.E.2d 871, 872-3 (Ga. 1956) (holding that interpleader petition showed two persons had conflicting claims to available funds, so judgment permitting defendant to pay amount into court's registry and then be discharged was not erroneous); Thompson v. Bank of South, 323 S.E.2d 877, 880 (Ga. Ct. App. 1984) ("the trial court entered a new order . . . directing payment of the funds into the registry of the court.").

their rightful ownership of the Proceeds before the court through the interpleader action.

Second, even if the traditional interpleader procedure was suddenly deemed unreasonable, an issue not taken up here, it has not been alleged that Plaintiff was ever in possession of the Proceeds or lawfully had a right to them. Based on the information provided, the funds were held by McCalla after the foreclosure sale until the firm petitioned for interpleader in Superior Court. (Doc. 8, at 6.) As such, property has not been taken from Plaintiff unlawfully, and he has not been deprived of his property interest without due process.

Additionally, Defendant is acting in her official capacity as the Clerk of Court by following the instruction of the Superior Court Order. She has no liability to Plaintiff for any potential judgment, and Plaintiff does not provide any reasoning or support to show otherwise. (Doc. 8, at 9; Doc. 1.) Defendant is unable to transfer the Proceeds to anyone without the Superior Court's direction, and thus, she is unable to transfer the Proceeds to Plaintiff independently. (Doc. 8, at 9.) As such, Defendant cannot provide the requested relief, and she is an inappropriate Defendant for purposes of this federal action.

Finally, both Parties include arguments on the sufficiency of service of process. (Doc. 8, at 10; Doc. 14, at 2; Doc. 16, at 1–

2.) Since Plaintiff failed to state a claim for which relief can be granted, the Court does not look into the service issues.

## B. Motion for Preliminary Injunction

Based on Plaintiff's failure to state a claim, the Court must deny his motion for preliminary injunction. Plaintiff must meet four elements for a preliminary injunction to be granted, and his failure to state a claim for which relief can be granted demonstrates a clear lack of likelihood of success on the merits of his case. Given Plaintiff's inability to meet the first element, the Court refrains from discussing the remaining three requirements.

Even if Plaintiff met the procedural requirements of a motion for preliminary injunction, the Court lacks jurisdiction to intervene in the ongoing state court interpleader action and thus must not grant the preliminary injunction. The <u>Younger</u> doctrine applies, and the longstanding policy allowing pending state proceedings to continue free of federal court interference prevails.

The Superior Court Order falls into a category defined by precedent as a situation where the federal court should abstain from enjoining state court action: when there are "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." <u>New Orleans Pub. Serv.</u>, 491 U.S. at 368 (citations omitted). The

10

order at issue is required for the state court to be able to perform a judicial function, namely, overseeing a lawful interpleader action.

It is clear all three <u>Middlesex</u> requirements for <u>Younger</u> abstention are met. First, the order relates to ongoing state judicial proceedings. The petition for interpleader was filed by McCalla in 2024 and the action is still active. (Doc. 8, at 9.) Second, the proceedings implicate important state interests. This case involves a dispute regarding Georgia real estate and proceeds from a foreclosure sale. The state of Georgia has an important interest in following the lawful procedures for determining the rightful owners of disputed funds from the sale of Georgia real estate. Additionally, the proceedings involve a Georgia Superior Court judge carrying out official duties. It follows naturally that the completion of those duties is included in the state's interests. Third, there is an adequate opportunity in the state proceedings to raise constitutional challenges. Plaintiff has alternative avenues for challenging the actions of the state court without involving the federal court system and must utilize those methods before calling on the federal court to intervene in state court actions.

Based on the above reasons, this Court cannot enjoin enforcement of the Superior Court Order for the transfer of Proceeds into the court registry.

11

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for preliminary injunction (Doc. 2.) is **DENIED** and Defendant's motion to dismiss (Doc. 8.) is **GRANTED**.   The Clerk is **DIRECTED** to **TERMINATE** all pending deadlines and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this _10th_ day of October, 2025.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

12